**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Freddy L. Wambach,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:07cv714 (TSE/TCB)** |
| | ) | |
| **George Hinkle, et al.,** | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

Freddy L. Wambach, a Virginia inmate proceeding pro se, has filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his probation revocation

proceeding in the Circuit Court for Stafford County, Virginia. This is petitioner's fourth federal

habeas petition concerning this matter. United States District Judge Claude M. Hilton dismissed the

first three petitions because petitioner had not properly presented his claims to the Supreme Court

of Virginia. See Wambach v. Hinkle, 1:07cv595 (E.D.Va. June 26, 2007); Wambach v. Hinkle,

1:07cv503 (E.D.Va. May 31, 2007); Wambach v. Pearson, 1:06cv968 (E.D.Va. May 3, 2007).

Petitioner originally named Judge Hilton as a respondent, and the petition was transferred to the

undersigned judge. By Order dated August 14, 2007, Judge Hilton was dismissed as a respondent,

and petitioner was given thirty days to show cause why the petition should not be barred from federal

habeas review due to his procedural default. Petitioner has filed a response to the Court's Order as

well as a Motion to Dismiss, pursuant to 28 U.S.C. § 144, requesting that the undersigned judge be

removed from this matter and that the case be assigned to another judge. This Motion will be

construed as a Motion for Recusal. In the affidavit accompanying the Motion for Recusal, petitioner

claims that the undersigned judge "prejuded [sic] the evidence before him" and has "a personal bias

or prejudice against [petitioner] or in favor of [respondent] Hinkle." Pet. Aff. ¶¶ 2-3. Petitioner

claims that the statement in the August 14, 2007 Order that petitioner violated the conditions of his

release "prejudiced the evidence," leaving the undersigned judge unable to make a fair and impartial

decision regarding the petition. Id. ¶ 3. Because the undersigned judge made no finding that

petitioner had in fact violated the conditions of his release, petitioner's Motion for Recusal must be

denied. Moreover, because the petition is procedurally defaulted, it must be dismissed.

## I. Motion to Dismiss

Two federal statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455, govern the potential

disqualification of federal judges from matters pending before them. Title 28 U.S.C. § 455 is "self-

executing," requiring a presiding judge to disqualify himself under certain circumstances. Kidd v.

Dalkon Shield Claimants Trust, 215 B.R. 106, 108 (E.D.Va. 1996); accord In re Beard, 811 F.2d

818, 827 & n.15 (4th Cir. 1987) (noting the distinction between § 144 and § 455). Title 28 U.S.C.

§ 144,[1] however, is not a self-executing recusal provision; rather, it requires that a party file a timely

and sufficient affidavit which alleges with specificity the bias or the prejudice on the part of the

presiding judge. See, e.g., Kidd v. Greyhound Lines, Inc., No. 3:04cv277, 2004 WL 3756420, at

* 1 (E.D.Va. Sept. 23, 2004). When an affidavit has been filed pursuant to § 144, a presiding judge

---

[1] Section 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists ... A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

is limited to a determination of whether the affidavit (1) is in compliance with the procedural requirements of that section and (2) alleges with specificity that the judge in question has a "personal bias or prejudice either against [the party filing the affidavit] or in favor of an adverse party." Kidd, 2004 WL 3756420, at * 1-3, 3 (quoting Sine v. Local 992 Int'l. Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989)). Both requirements apply to affidavits filed by pro se litigants. See id. at * 1; Kidd, 215 B.R. at 108.

### 1. Procedural Requirements

A party invoking § 144 is required to file a timely affidavit that is signed by the party and states the facts or reasons for the assertion that bias or prejudice exists. 28 U.S.C. § 144. Only one such affidavit may be submitted in a particular case, and it must be accompanied by a certificate from counsel of record stating that the affidavit is made in good faith. Id. Petitioner's affidavit,[2] which was filed eleven days after the issuance of the August 14, 2007 Order about which he complains, was timely filed. Although § 144 provides that an affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard ...," the literal ten-day requirement no longer applies, since formal terms of court were long ago abolished. Kidd, 2004 WL 3756420, at * 2 (citing Pomeroy v. Merritt Plaza Nursing Home, Inc., 760 F.2d 654, 658 (5th Cir. 1985)). Petitioner's affidavit is signed and is the only such affidavit that has been filed in this case. Moreover, although petitioner did not file a certificate of counsel stating that the affidavit was filed in good faith, that requirement is met by the operation of Fed. R. Civ. P. 11, which requires pro se parties to submit pleadings, motions, and other papers in good faith. Kidd, 2004 WL 3756420, at

---

[2] The affidavit, which consists of a statement signed under oath before a notary public, complies with the requirements of Local R. Civ. P. 7(K)(3).

* 2.  Accordingly, petitioner's affidavit meets the procedural requirements for affidavits filed pursuant to § 144, and the Court reviews the facts alleged for substantive legal sufficiency.

> 2. Legal Sufficiency of the Facts Alleged in the Affidavit

Affidavits filed under § 144 must also allege with specificity that the judge in question has "a personal bias or prejudice either against him [the party filing the affidavit] or in favor of the adverse party." Sine, 882 F.2d 913, 914 (4th Cir. 1989).  As a court is presumed to be impartial, the facts alleged in the affidavit must be "strictly construed" against the affiant, "thereby imposing a heavy burden on the party seeking recusal." Kidd, 2004 WL 3756420, at * 3.  Consistent with this presumption of impartiality, a judge has "as much an obligation ... not to recuse himself when there is not occasion for him to do so as there is for him to do when recusal is warranted." Kidd, 215 B.R. at 109.  In order for a court to deem the facts alleged in an affidavit legally "sufficient" to warrant recusal under § 144, the court must find that: (i) the affidavit contains facts, and not "conclusions and generalizations," that are "material and stated with particularity;" (ii) the facts would convince a reasonable person that bias exists; and (iii) the bias alleged is "personal and extrajudicial in nature and of such a nature as would result in an opinion on the merits on some basis other than what the judge learned from participation in the case." Kidd, 2004 WL 3756420, at * 3; accord Sine, 882 F.2d at 914; Hirschkop v. Va. State Bar Ass'n, 406 F.Supp. 721, 724-25 (E.D.Va. 1975).

In support of his claim for recusal, petitioner alleges that the undersigned judge "prejudiced the evidence before him" by stating in the August 14, 2007 Order that petitioner violated the conditions of his probation by leaving Virginia and moving to North Carolina. Pet. Aff. ¶ 3.  While it is true that page 2 of the August 14, 2007 Order states that petitioner "violated the conditions of his release by leaving Virginia and moving to North Carolina," this statement furnishes no basis for

recusal, as it is merely a restatement of findings of the Virginia Parole Board and the Circuit Court for the County of Stafford, Virginia. Pet'r Exs. G, J-K. Accordingly, petitioner's Motion for Recusal must be denied. Petitioner has filed a response to the Court's August 14, 2007 Order, and the Court will address exhaustion and procedural default of petitioner's claims.

## II. Exhaustion and Procedural Default

As discussed in the August 14, 2007 Order, petitioner's claims are barred from federal habeas review as procedurally defaulted. In 1991, petitioner was convicted of grand larceny, unlawful wounding, possession of cocaine, and sexual battery in the Circuit Court for Stafford County, Virginia. Petitioner was sentenced on November 12, 1991 to twenty-six years in prison, with twenty-one years suspended. Pet'r. Ex. N, Wambach v. Commonwealth, R. No. 1486-06-4, slip op. at 1. Petitioner was paroled from prison on July 6, 1994. Id. Petitioner then left Virginia and moved to North Carolina, where he served time on state drug charges. Pet'r Exs. A, B, C. On May 19, 2006, the Circuit Court for Stafford County, Virginia conducted a hearing and revoked petitioner's previously suspended sentence. Pet'r Ex. J. The court ordered petitioner to serve five years in prison and re-suspended the remainder of his sentence. Id.

On June 12, 2006, petitioner filed a petition for habeas corpus challenging the warrant issued for his arrest and other issues relating to his probation revocation in the Supreme Court of Virginia. The Supreme Court of Virginia dismissed the petition sua sponte as "frivolous" on August 9, 2006. Wambach v. Pearson, 1:06cv968 (E.D.Va. May 3, 2007), Resp't Mot. to Dismiss 3. Petitioner also pursued a direct appeal to the Court of Appeals of Virginia, alleging that the delay in his probation revocation hearing violated the Due Process Clause. Petitioner's appeal was denied by one judge on December 7, 2006 and by a three-judge panel on March 7, 2007. Pet'r Exs. N & O, Wambach

v. Commonwealth, R. No. 1486-06-04. Petitioner then appealed to the Supreme Court of Virginia, but withdrew the appeal on April 26, 2007. Pet'r Ex. P, Wambach v. Commonwealth, R. No. 070566.

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court so that the petitioner may present her claims to the state courts. See 28 U.S.C. 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, the petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See Duncan v. Henry, 513 U.S. 364 (1995); Anderson v. Harless, 459 U.S. 4 (1982); Pitchess v. Davis, 421 U.S. 482 (1975); Picard v. Connor, 404 U.S. 270 (1971). In reviewing federal challenges to state proceedings, "[s]tate courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that her continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844.

Petitioner did not exhaust his claims before the Supreme Court of Virginia because he did not fairly present them to the court. Under Virginia law, petitioner's claims were only cognizable on direct appeal. Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), cert. denied, 419 U.S. 1108 (1975) (holding that a prisoner cannot allege a non-jurisdictional defect in a habeas corpus petition that could have been raised on direct appeal); Smith v. Underwood, 337 S.E.2d 305, 306 (Va. Ct.

App. 1985) (finding that a petitioner lacked standing to challenge for the first time in a state habeas proceeding the validity of a probation revocation because "the validity of the revocation of the suspended ... sentence could have been raised and adjudicated at the probation revocation hearing and upon direct appeal therefrom."). Therefore, because petitioner's state habeas petition was not the proper means for presentation of these claims, the Supreme Court of Virginia did not have a fair opportunity to address petitioner's claims. Accordingly, petitioner's state habeas petition does not constitute fair presentation of his claims or proper exhaustion. See Picard, 404 U.S. at 275-76. Moreover, petitioner's direct appeal to the Supreme Court, which would have allowed the Supreme Court of Virginia a fair opportunity to consider the merits of his claims, was withdrawn on petitioner's own motion. Pet'r Ex. P., Wambach, R. No. 070566. Thus, petitioner has not properly exhausted his claims.

Yet, this does not end the exhaustion analysis because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). A petitioner may nonetheless overcome procedural defaults and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

In his three prior federal habeas petitions, petitioner was informed that he had not exhausted his claims by properly presenting them to the Supreme Court of Virginia. See Wambach, 1:07cv 595; Wambach, 1:07cv503; Wambach, 1:06cv968. On May 31, 2007, petitioner was informed that, if he had since exhausted his claims before the Supreme Court of Virginia, by reinstating a direct appeal or otherwise, he should file a Motion for Reconsideration of the dismissal of his petition. Wambach, 1:07cv503, slip op. at 3. Petitioner failed to respond to that instruction. Because petitioner withdrew his appeal more than five months ago, it does not appear that there is any remaining procedural mechanism in Virginia for petitioner to have his direct appeal heard by the Supreme Court of Virginia. Accordingly, petitioner's claims are procedurally defaulted. See Baker, 220 F.3d at 288. Moreover, petitioner has neither alleged nor presented any facts to demonstrate cause and prejudice for the default or that a fundamental miscarriage of justice would result from a lack of review. Coleman, 501 U.S. at 750. Accordingly, the petition must be dismissed.

## III. Conclusion

For the above stated reasons, petitioner's Motion for Recusal must be denied and the petition for a writ of habeas corpus must be dismissed as procedurally defaulted. An appropriate order shall issue.

Entered this _____ day of _____ 2007.

Alexandria, Virginia

_____
T. S. Ellis, III
United States District Judge

8